UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ASPEN SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

    v.

METRO EAST TITLE CORPORATION et al,

    Defendants.

Case No. 13-cv-1118 JPG/DGW

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 2) filed by plaintiff Aspen Specialty Insurance Company:

    **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). Complaint alleges state of incorporation of defendant and interested party but not principal place of business.

    **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. Complaint alleges residence but not citizenship of defendants, Karen Steinke and Marvin Steinke.

    The Court hereby **ORDERS** that plaintiff Aspen Specialty Insurance Company

shall have up to and including November 14, 2013 to amend the faulty pleading to correct the jurisdictional defect.  *See* 28 U.S.C. § 1653.   Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction[or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).   Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.   Plaintiff Aspen Specialty Insurance Company is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: November 4, 2013**

                                                  *s/J. PHIL GILBERT*
                                                  **UNTIED STATES DISTRICT JUDGE**